PORTO RICAN LEAF TOBACCO COMPANY, APPELLANT, *v.* REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 2, denying admission to record of a deed of sale.

No. 174.—Decided May 5, 1914.

CONSOLIDATION OF PROPERTIES—JOINT-OWNERSHIP—RECORD OF TITLE.—When several owners and vendors segregate certain parcels of land from their respective properties for consolidation into one single property, it is necessary that the deed of consolidation and sale state the legal conditions under which the owners made the consolidation constituting themselves joint owners of the consolidated property; for unless this is done, neither the consolidation nor the sale can be recorded in the registry.

EXECUTION OF DEED BEFORE MORTGAGE LAW WENT INTO EFFECT—FAILURE OF NOTARY TO CERTIFY THAT HE PERSONALLY KNEW THE CONTRACTING PARTIES.—A public deed executed on October 10, 1876, before the Mortgage Law went into effect in this Island, but during the effectiveness of the Notarial Act of 1873, which deed is defective by reason of the failure of the notary to certify that he knew the contracting parties personally, is null and void according to section 27 of the said Notarial Law.

RECORD OF TITLE—REGISTRAR TO CENSURE DOCUMENTS.—A registrar of property has authority to censure a deed presented in the registry to prove the acquisition of ownership of a property before the Mortgage Law went into effect, although said deed is not presented for record but for the purpose of recording another deed of sale of the said property.

The facts are stated in the opinion.

*Mr. Luis Muñoz Morales* for the appellant.

Mr. José Benedicto, the registrar, filed a brief *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed on August 25, 1913, in the town of Comerío, before Notary Celestino José Pérez y Pérez, Sixto Pontón Santiago and Manuel Pontón Feranández, joined by their wives, segregated from a rural property belonging to the former and from another property or lot belonging to the latter respectively, two parcels of land which they consolidated into a third property and sold by the same deed to P. H. Gorman as representative of the Porto Rican Leaf Tobacco Company, a corporation, for $250.

Upon the presentation of the said deed in the Registry of Property of San Juan, Section 2, the registrar refused its admission to record for the reasons stated in the following decision:

"Admission to record of the foregoing deed is denied as to the sale contracted for therein, because the property sold in the manner described is not recorded in the names of the vendors; for, although the two parcels of land forming the property are consolidated in the said deed, no application is made for the recording of such consolidated property and therefore this has not been done; because both vendors jointly convey the whole of the property, it thereby resulting that each one of them sells a part of the parcel which belongs to the other without having any right or interest therein, and because in deed No. 76, executed on October 10, 1876, in Sabana del Palmar before Notary Francisco Jiménez Prieto, which is exhibited to prove the acquisition of the parcel belonging to Manuel Pontón, the notary fails to certify that he knows the contracting parties, which omission makes the said deed null and void. Instead, a cautionary notice has been entered for the legal period with regard to said sale, after considering the other document, on folio 225 of volume 14 of Comerío, property No. 689, record letter A, in which the following curable defects are pointed out: Failure to give in this deed the northern boundary of the property sold and the length thereof; failure to show the capacity and faculties attributed to P. H. Gorman; failure to show that the purchasing corporation is authorized to do business in this Island, and the fact that the said

old deed No. 76 appears to be signed by José R. Santiago instead of José Antonio Santiago, who is the vendor. San Juan, P. R., December 18, 1913. José Benedicto, Registrar.''

An appeal has been taken by the Porto Rican Leaf Tobacco Company from the above decision and it is submitted to our consideration. Let us examine the three grounds on which it is based.

As to the first ground, we understand that the deed under consideration embraces an act and a contract subject to record, namely, the consolidation of two parcels of land into one single property and the sale of the consolidated property. If the appellant wished that both be recorded in the registry, the former prior to the latter, he should have made this request in a clear and definite manner and furnished the stamps necessary in each case. Records of titles are not entered in the registry unless they are solicited. See *Ramis* v. *The Registrar,* 19 P. R. R., 712. But the fact is that the attorney for the appellant contends that a previous record of the consolidated property in the name of the vendors is not essential to the recording of the sale of the same, therefore it cannot be alleged that the presentation of the document was made in order that both records should be entered separately. His manifest intention was that the consolidated property should be recorded directly in the name of the purchasing corporation without the necessity of a prior record of the consolidation, and this was improper. The property as sold was not recorded in the registry and, therefore, pursuant to articles 20 of the Mortgage Law and 244 of the Regulations for its execution, the sale could not be recorded.

Nor could the consolidated property be recorded under one number only and as one single property, for, to permit of this, the parcels composing the same must have belonged to one person only or to several persons *pro indiviso*. See *Duran et al.* v. *Registrar of Property,* decided March 6, 1914.

In this regard the distinguished commentators Galindo

and Escosura, in their Commentaries on Mortgage Legislation, vol. 1, p. 538, edition of 1903, say:

"If two landowners own adjoining properties and mortgage them to a third person, simply manifesting their intention that they shall constitute one single property, is such deed sufficient to permit them to be recorded as one single property? We think not. Apart from the fact that, in our opinion, the consolidation would be improper under article 322 of the Regulations, the deed would fail to show explicitly under what provision of law the joint owners performed the union and consolidation of what was previously segregated and divided."

As will be seen, the consolidation of properties made in the deed of August 25, 1913, is contrary to law because the properties did not belong to one person only or to various persons *pro indiviso,* and because, as this requisite is lacking, the legal conditions under which the owners consummated the grouping and consolidation of the two parcels of land theretofore segregated were not shown.

From the failure to show such legal conditions it results that both vendors sold the consolidated property without owning it in common or *pro indiviso,* and therefore, as the registrar whose decision has been appealed from correctly says, each sells a part of the parcel belonging to the other without having any interest or right therein. The deed itself shows clearly that Sixto and Manuel Pontón sell to the Porto Rican Leaf Tobacco Company the consolidated property and not the parts which each segregated from the property belonging to each individually. Had they done the latter, there would have been no consolidation made by the owners who made the sale, but the purchasing corporation would have been the one to make the consolidation. See the decision of the General Directorate of Registries of Spain of February 18, 1897.

As to the third ground of appeal, we should state that together with the deed dated August 25, 1913, another public

instrument dated October 10, 1876, was presented to the registrar to prove that Manuel Pontón had acquired from José Antonio Santiago prior to the promulgation of the Mortgage Law in this Island the land from which he segregated the parcel which, together with that of Sixto Pontón, went to make up the consolidated property and that, therefore, the prior record prescribed by article 20 of the Mortgage Law could be dispensed with.

The said document was not adequate to the end sought; for, on the date of its execution the Notarial Law of 1873 was in force, and article 27 in relation to article 23 of that law prescribed, under penalty of nullity, that the notary should certify that he personally knew the contracting parties, which formality was not complied with in the said instrument, making it therefore null and void.

If the said instrument had been presented in the registry for admission to record and the interested parties were entitled to ask for the same, it would have been denied because of the said defect, and as the object of its presentation to the registrar was to supply the omission of the prior record referred to in said article 20 of the Mortgage Law, it is logical to conclude that if it were insufficient for recording the property acquired in the name of Manuel Pontón, neither was it sufficient for the transfer of the property to another person. Galindo and Escosura, volume 2, p. 174, same edition.

And the right of the registrar to pass upon the document in question cannot be denied on the ground that it was not presented for record, but for the purpose of proving the acquisition of ownership by Manuel Pontón before the Mortgage Law went into effect, for the registrar could pass on it for this purpose and he decided correctly in holding that it did not establish the said ownership because it was null and void due to the failure of the notary to certify that the contracting parties were personally known to him, which requisite was necessary under the law in force at the time of its execution.

. The curable defects noted by the registrar are not made the subject of the appeal and, therefore, we will not examine them.

The decision appealed from should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.